FILED

MAR 29 2017

Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:11-CR-006 |
| | § | ALM-CAN |
| JOSE ENRIQUE RAMIREZ-TAMAYO (20) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 29, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Camelia Lopez.

Jose Enrique Ramirez-Tamayo was sentenced on May 24, 2012, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of II, was not less than 120 months. Jose Enrique Ramirez-Tamayo was subsequently sentenced to 51 months subject to the standard conditions of release, plus special conditions to include, financial disclosure, substance abuse treatment and testing, and surrendering to a duly authorized immigration official for deportation proceedings. On October 30, 2013, the imprisonment portion of the sentence was reduced to 35 months. On November 5, 2013, Jose Enrique Ramirez-Tamayo completed his period of imprisonment and was released to Immigration authorities. He was

deported to Mexico on December 5, 2013. On January 14, 2015 this case was re-assigned to United States District Judge Amos L. Mazzant, III.

On February 23, 2017, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 1906 Sealed]. The Petition asserted that Defendant violated two (2) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime; and (2) As a condition of supervised release, immediately upon release from confinement, Defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § Section 1101, et. seq. If ordered deported, Defendant shall remain outside the United States. In the event Defendant is not deported, or for any reason re-enters the country after having been deported, Defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Office within 72 hours of release by immigration officials or re-entry into the country.

The Petition alleges that Defendant committed the following acts: (1) and (2) On or about December 20, 2016, police officers with the Grand Prairie Police Department conducted a traffic stop and the driver of the vehicle was identified as Jose Tamayo Ramirez. Officers smelled marijuana as they approached the vehicle. A search of the vehicle resulted in the confiscation of .2 grams of cocaine and .3 grams of marijuana. Defendant was arrested for Possession of a Controlled Substance, No Operator's License, and Failure to Maintain Financial Responsibility. The defendant was previously deported and, since reentering the country, has not reported to the U.S. Probation Office.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1) and two (2) of the Petition. Having considered the Petition and the plea of true to

allegations one (1) and two (2), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months of imprisonment with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons South Texas area facility, if appropriate.

**SIGNED this 29th day of March, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE